A. RUTH CONOVER, PLAINTIFF-RESPONDENT, v. SOLAR OIL COMPANY, DEFENDANT-APPELLANT.

Submitted October 1, 1935—Decided February 6, 1936.

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the appellant, *Beggs & Grimshaw*.

For the respondent, *Leonard G. Brown*.

Per Curiam.

This appeal brings up for review a judgment of the Orange District Court in favor of plaintiff and against defendant for $500. The court sat without a jury.

Plaintiff was lessee of premises in East Orange and on May 29th, 1934, entered into a written agreement with defendant corporation by which plaintiff agreed to permit defendant to enter into possession of the premises under plaintiff's lease for a period of two months from June 1st, 1934, to July 31st, 1934, in consideration of the payment of $275 by defendant, which sum was paid and defendant entered into possession of the premises. The agreement provided that plaintiff assigned her lease to defendant, simultaneously with the execution of the agreement, "for a period of two months from the 1st day of June, 1934, and that defendant should "at the end of that period turn back to the party of the second part, the said gasoline station and repair shop, free and clear of all liabilities, debts and demands whatsoever, to reassign to the party of the second part, the aforesaid lease and to cancel this agreement." The agreement also provided that defendant, at its option, could pay an additional $500 to plaintiff and continue in possession until the end of the term of the lease. The term commenced on July 15th, 1929, and ran for ten years.

It was open to the court to find that at the end of the two months period, the defendant gave no written or oral notice of intention either to continue or to vacate, and did not deliver possession to plaintiff and did not reassign the lease, but that defendant had one Roland Arrojo working for it from June to August 1st, in charge of its gas station on the premises in question, and that on August 1st, defendant

entered into an arrangement with said Arrojo for the continued operation of the gas station, on a commission basis, one cent on each gallon of gasoline sold to be retained by defendant toward the payment of rent. The rent for August and September was paid by defendant to Arrojo, who gave it to the landlord. All this was without notice to or knowledge of plaintiff. The gas and electric service was, during the period from June 1st to September 25th, in the name of defendant, and its deposit with the Public Service Electric and Gas Company was used to satisfy the bill for such service. The president of defendant corporation testified that he told one of the defendant's men, Smith: "Let Roland run the place. Mrs. Conover is not here. It is for the interest of the property as well as Mrs. Conover, so let Roland get in touch with the landlord and see if he can arrange to stop there. We would be glad to sell him gasoline." There is no testimony of any arrangement by Roland or anyone else with either the lessor or plaintiff. It would appear that Arrojo went into possession under his arrangement with defendant.

In this factual situation, the court was justified in finding that defendant had exercised its option to continue under the agreement and in giving judgment in favor of plaintiff.

Appellant also urges that the court erred in permitting the following question propounded to plaintiff: "Under the terms of this agreement, Mrs. Conover, you were to receive a further payment of $500 in the event the Solar Oil Company continued to remain in occupancy of the gasoline station after the 1st of August, 1934?" The record discloses that the court allowed the question, but it was not pressed and was not answered.

Finding no reversible error in the record before us, the judgment is affirmed, with costs.